er section 1110 is a money-mandating statute, an issue we need not decide. *See United States v. Bormes*, — U.S. ——, 133 S.Ct. 12, 18, 184 L.Ed.2d 317 (2012) (explaining that jurisdiction under Tucker Act is displaced when money-mandating statute contains its own judicial remedies).

Furthermore, the Court of Federal Claims did not abuse its discretion by declining to transfer Mr. Kalick's suit to a district court or to us. *See Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1342 (Fed.Cir.2008) (reviewing decision to transfer claim for abuse of discretion). First, Mr. Kalick's constitutional claims are based on the VA's decision regarding his individual benefits claim, and precedent uniformly holds that district courts lack jurisdiction over such allegations. *Zuspann*, 60 F.3d at 1159 ("Since the enactment of the VJRA, federal courts have refused to entertain constitutional claims if they are based on the VA's actions in a particular case."). Second, this case does not qualify as one which this court enjoys original jurisdiction to hear: that is, claims brought under 38 U.S.C. § 502 that allege an agency violated 5 U.S.C. § 552(a)(1)'s publication requirements or 5 U.S.C. § 553's notice-and-comment rulemaking requirements. Mr. Kalick alleges neither and, thus, transfer to our court would be inappropriate. *See Hilario v. Sec'y, Dep't of Veterans Affairs*, 937 F.2d 586, 589 (Fed.Cir.1991) (finding that this court lacks original jurisdiction over a "challenge [to] the VA's application of the veterans' benefits statutes to the facts of his particular claim").[1] The Court of Federal Claims thus acted well within its discretion in denying the motion to transfer.

We have considered Mr. Kalick's remaining arguments and conclude they are without merit. For the foregoing reasons, the decision of the Court of Federal Claims is *affirmed.*

**AFFIRMED**

COSTS

No costs.

**ADVANCED TECHNOLOGY & MATERIALS CO., LTD., Beijing Gang Yan Diamond Products Company, and Gang Yan Diamond Products, Inc., Plaintiffs–Appellants,**

and

**Bosun Tools Groups Co., Ltd., Plaintiff,**

v.

**UNITED STATES, Defendant,**

and

**Diamond Sawblades Manufacturers Coalition, Defendant–Appellee,**

and

**Weihai Xiangguang Mechanical Industrial Co., Ltd. and Qingdao Shinhan Diamond Industrial Co., Ltd., Defendants.**

No. 2013–1305.

United States Court of Appeals, Federal Circuit.

Nov. 13, 2013.

---

1. It appears that Mr. Kalick also requests that we toll a deadline for filing a future claim under the Administrative Procedure Act ("APA"). Appellant's Br. 13. We decline to afford such equitable relief prospectively by tolling the filing deadline for an unfiled claim.

Jeffrey S. Neeley, Barnes, Richardson & Colburn, LLP, of Washington, DC, argued for plaintiffs-appellants. With him on the brief were Michael S. Holton, and Stephen W. Brophy.

Daniel B. Pickard, Wiley Rein LLP, of Washington, DC, argued for defendants-appellees. With him on the brief was Maureen E. Thorson. Of counsel was Tessa V. Capeloto.

LOURIE, BRYSON, and O'MALLEY, Circuit Judges.

## JUDGMENT

PER CURIAM.

THIS CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

AFFIRMED. *See* Fed. Cir. R. 36.

**Yong I. FENLON, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 2013–3139.

United States Court of Appeals, Federal Circuit.

Nov. 14, 2013.

Yong I. Fenlon, Carlsbad, CA, pro se.

Devin Andrew Wolak, Esq., Trial Attorney, Department of Justice, Washington, DC, for Respondent.

Before RADER, Chief Judge, NEWMAN, and DYK, Circuit Judges.

## ORDER

PER CURIAM.

ORDER IT IS ORDERED THAT:

The petition for review is hereby dismissed as moot.

**Jan K. VODA, M.D., Plaintiff–Cross–Appellant,**

v.

**MEDTRONIC, INC., and Medtronic Vascular, Inc., Defendants–Appellants.**

Nos. 2013–1045, 2013–1053.

United States Court of Appeals, Federal Circuit.

Nov. 18, 2013.

Mitchell G. Stockwell, Richard W. Goldstucker, Esq., David Holloway, Alyson L.